Chief Judge Desmond (dissenting).
This is an unprecedented decision. I have not found anywhere a holding by a New York appellate court that anxiety and worry associated with employment constitute without more an accidental injury justifying an award of workmen’s compensation because the injury and anxiety has caused physical deterioration. Not only is there no precedent for sustaining this award, but in the strikingly similar case of Matter of Lesnik v. National Carloading Corp. (285 App. Div. 649, affid. 309 N. Y. 958) we held as did the Appellate Division that a heart attack found to have resulted from the mental stresses and worries of a job could not be regarded as an industrial accident.
We have gone far in other heart cases (including the decisions cited in the majority opinion) in sustaining compensation awards where there was proof of definite physical stress and exertion at an ascertainable time, but if we are to go beyond that point and allow compensation to be awarded simply for psychic or nervous strains we will be doing what Judge Finch warned us of in 1938 in Matter of Goldberg v. 954 Marcy Corp. (276 N. Y. 313). We will “ make workmen’s compensation the equivalent of life and health insurance ” (p. 317). From its earliest days the statute has carefully distinguished between diseases on the one hand and accidental injuries on the other, although a limited number only of specially classified “ occupational diseases ”, not including cardiac ills, were made compensable. Aside from that special list, no idiopathic disease has ever, so far as I know, been held compensable. The heart cases are not authority to the contrary since every decision in this court affirming a compensation award for a heart disability or death is based on a finding that the heart disease was traumatic in the sense of being caused by physical exertion.
There is some justification for the decisions in other States which award compensation for disability resulting from sudden *217 and severe shock during work (see, for instance, Bailey v. American Gen. Ins. Co., 154 Tex. 430 ; Bekelski v. Neal Co., 141 Neb. 657; Montgomery v. State Compensation Comr., 116 W. Va. 44). An extreme shock or fright directly caused by some work incident may have an effect equivalent to that of a physical blow. But there is nothing like that in this case. The decedent here was worried because inefficient care of his employer’s plane was being ascribed to him, and he was fearful that the financial loss resulting therefrom might cause him to lose his position. Such mental or nervous stresses are of a totally different character from the work-related physical injuries covered by workmen’s compensation systems. A court, in my opinion, goes far beyond its powers in stretching the Act to cover what is essentially the result of the customary stress and strain of life, not an “ accident ” or a “physical injury” although in a sense it arises “ out of employment ”.
Thousands of litigants have attempted their own interpretations of Chief Judge Loughbaüt’s famous statement in Matter of Masse v. Robinson Co. (301N. Y. 35): “ Whether a particular event was an industrial accident is to be determined, not by any legal definition, but by the common-sense viewpoint of the average man ” (p. 37). For myself, I cannot imagine any average man considering this an accident. But, beyond that, what this court was saying in Masse was that accidental causation cannot be ruled out in a case within the general intendment of the compensation law simply by showing the absence of some traditional element of the common-law definition of ‘ ‘ accident ’ ’ such as “identified in space or time” or “catastrophic or extraordinary ”, etc. But there still must be an “ industrial accident ” in some real, objective sense. The Masse opinion itself recites that the employee “ whose work had long been physically hard, was subjected to unusual strain and exertion during the working hours in the week that ended April 15, 1947.” I do not think his claim would have been upheld on a showing that he had been worrying more than usual.
The Workmen’s Compensation Act was enacted in 1914 and its basic definitions and meaning have never been changed (see, as to “ worry ”, Matter of O’Connell v. Adirondack Elec. Power Corp., 193 App. Div. 582 [1920]). When the Legislature wished to make a limited provision for nonaccidental, nonoccupational *218 illnesses of employees, it enacted in 1949 the “ Disability Benefits Law ”. The courts should leave to the Legislature any other such extensions.
The order should be affirmed.
Judges Dye, Burke and Foster concur with Judge Froessel ; Chief Judge Desmond dissents in an opinion in which Judges Fuld and Van Voorhis concur.
Order reversed, with costs in this court and in the Appellate Division, against respondents employer and carrier, and the award of the Workmen’s Compensation Board reinstated.